UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CLINTON BURCHETT, JR.,            Case No. 05-89326
                                                  Chapter 13
                     Debtor.            Hon. Marci B. McIvor
_____/

OPINION GRANTING IN PART AND DENYING IN PART TRUSTEE'S OBJECTION TO
PRE-CONFIRMATION ATTORNEY FEES

      This matter came before the Court on the Trustee's Objection to Pre-confirmation Attorney Fees. The Trustee objects to Debtors' counsel's fee application on the grounds that: (1) the overall fees requested are excessive; and (2) various time entries set forth services which were of no benefit to the estate. Having fully reviewed the file, the fee application, and the objections thereto, the Court GRANTS in part and DENIES in part the Trustee's objections as set forth below.

I.

FACTS

      Debtor Clinton Burchett, Jr. filed a Chapter 13 bankruptcy petition on November 14, 2005. Debtors filed a Chapter 13 plan on November 29, 2005. On April 6, 2006, Debtors' chapter 13 plan was confirmed. On April 19, 2006, Counsel filed his Application for Pre-confirmation Attorney Fees in the amount of $4,022.50 for fees and $64.99 for costs for the period from October 4, 2005 through April 19, 2006. On May 9, 2006, the Trustee filed objections to the fee application on the grounds that: (1) the overall fees requested are excessive; and (2) various time entries set forth services which were of no

benefit to the estate.

A hearing on the Fee Application was held on June 1, 2006.

II.

ANALYSIS

A. <u>Jurisdiction</u>

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

B. <u>Standard for Awarding Fees</u>

The Bankruptcy Code, 11 U.S.C. § 330(a), codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
>> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including
>
>> (A) the time spent on such services;

2

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

(i) unnecessary duplication of services; or

(ii) services that were not --

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

\* \* \*

To summarize, 11 U.S.C. § 330(a) requires that requested fees must meet three conditions. The fees must be: (1) reasonable; (2) incurred for services that were actually rendered; and (3) incurred for services that were necessary. *In re Allied Computer Repair, Inc.*, 202 B.R. 877 (Bankr. W.D. Ky. 1996).

The Sixth Circuit has adopted a "lodestar method" for actually applying the requirements set forth in 11 U.S.C. § 330. *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method requires that the court first determine a reasonable hourly rate, and then multiply the rate times the reasonable number of hours expended to perform actual,

3

necessary services. The Court may "then determine whether a global reduction or enhancement of the fees is in order." *In re Atwell*, 148 B.R 483, 492-93 (W.D. Ky. 1993). The ability to review fee applications in the context of each individual case "permits the Court to balance the following two competing interests: (1) rewarding the attorney practicing bankruptcy on a level commensurate with other areas of practice; against (2) the need to encourage cost-conscious administration." *Allied Computer Repair, Inc.*, 202 B.R. at 884-85.

Courts have used many factors to analyze the number of hours which constitute a "reasonable number of hours." The factors most often included by courts in their analysis are: 1) the nature of the services rendered; 2) the difficulties and complexities encountered; 3) the results achieved; 4) the size of the estate and the burden it can safely bear; 5) the duplication of services; 6) professional standing, ability, and experience of the applicant; 7) fairness to each applicant; and 8) the cost of comparable services other than for a bankruptcy case. *In re General Oil Distributors, Inc.,* 51 B. R. 794 (E.D. N.Y. 1985). The burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981).

Bankruptcy attorneys are not entitled to compensation merely because time recorded was actually expended. *In re Allied Computer Repair, Inc.*, 202 B.R. 877, 886 (Bankr. W.D. Ky. 1996). The purpose of bankruptcy is not to serve as a fund for payment of professional fees. Instead, the purpose is to maximize the estate for distribution to creditors. "Attorneys must be disabused of the erroneous notion that they are entitled to

4

compensation as long as the time recorded was actually expended." *Allied Computer Repair* 202 B.R. at 886. Every dollar spent on legal fees results in a dollar less that is available to creditors. *Id.* Attorneys should use "billing judgment" and make a good faith effort to "eliminate unproductive time or to reduce hours on productive projects where the total amount billed would be unreasonable in relation to the economic value of the matter in question." *In re Atwell*, 148 B.R. 483, 490-492 (W.D. Ky. 1993)(billing judgment applicable in determining both the hourly rate and number of billable hours).

C. <u>Trustee's Objections</u>

1. <u>Overall Fees Requested Are Excessive</u>

The Trustee objects to the Fee Application on the grounds that the overall fees of $4,022.50 requested are excessive because this was a routine chapter 13 case. (Trustee's Objections ¶ 1). This Court finds that the fees requested thus far in this case are not excessive, with the specific exceptions as set forth below. Generally, both the services performed and the amounts billed in this case are reasonable. Debtors' case was filed on October 4, 2005, and the plan was confirmed on April 6, 2006. Confirmation within six months of filing is a successful outcome in a Chapter 13 case. Futhermore, Debtor himself has not objected to the overall fees and will be paying his counsel through the plan.

## 2. Various Time Entries Set Forth Services Which Were of No Benefit to the Estate

The Trustee objects to numerous entries in the fee application on the grounds that the services provided were of no benefit to the estate. (Trustee's Objections ¶¶ 2a-d).

Having specifically reviewed the entries to which the Trustee objects, the Court finds that the entry attributable to rescheduling the 341 meeting is appropriate, however, filing such a pleading should only take .5 hours. Reviewing the Trustee's response to the motion to reschedule the 341 meeting is also compensable. However, billing the estate for a withdrawal of an improperly filed motion to reschedule is not compensable. Attendance at the hearing on the motion to reschedule is also compensable but not at the full hourly rate when Debtor's counsel had other matters pending that day. For these reasons, this Court reduces Counsel's fees by $250.00.

## III.

## CONCLUSION

For the above stated reasons, this Court GRANTS in part and DENIES in part the Trustee's Objections to Fees. Counsel's fees are allowed in the amount of $3,772.50 and costs in the amount of $64.99, for a total award of $3,837.49. Counsel for Debtor must still appear at the hearing set for June 22, 2006 to advise the Court and the Trustee as to whether they are sufficient funds to pay fees.

**Entered: June 15, 2006**

                                                        /s/ Marci B. McIvor
                                        Marci B. McIvor

United States Bankruptcy Judge